## N. W. DUNCAN v. JOHN HALL et al.

*Ejectment—Survey—Location—Location of Boundaries—Pleading.*

1. A corner admitted or ascertained by the usual marks or established by testimony to the satisfaction of a jury, is to be considered by them as facts incorporated in the deed so as to make it a part of the description.

2. Where the location of land conveyed by deed is disputed but one of the corners is determined, the location made by running the line from such corner in the same direction as it is run by the deed is to be adopted rather than one ascertained by running in the opposite direction.

3. A simple denial in an answer in ejectment (brought before the passage of Ch. 6, Acts of 1893) that defendant is wrongfully and unlawfully in possession of land consisting of a virgin forest, cannot be used as evidence that he is exercising such control over the land as will subject him to a possessory action.

ACTION for the recovery of land, begun in February, 1892, and tried before *Battle, J.,* at Fall Term, 1894, of WILKES Superior Court.

The main question involved was one of boundary, depending on the proper location of the South boundary of a grant called the "Moravian Grant."

This grant commences at an island in the Yadkin river; thence west; thence south to a beech tree on Moravian creek, near the mouth of a branch; and thence east, and thence to the beginning.

The land in dispute lies on this east line, running from Moravian creek. There was a survey ordered; but the surveyor commenced at the island, and ran by the reversed calls in the grant, and by this survey located this line according to plaintiff's contention.

But defendants contended that the survey should have been made from the beech on Moravian creek, east, and offered evidence tending to show, if ran in this way, the line would be where defendants contended, and defendants would not be in possession of plaintiff's land; and asked the court so to charge—that is, that the survey on this line should have been made east, and not west.

This the court declined, and defendants excepted.

This east and west line being a very long one, the survey lacked more than a mile of going to Moravian creek.

There was a verdict for plaintiff and from the judgment thereon defendants appealed.

*Messrs. Glenn & Manly,* for plaintiff.
*Messrs. Dula & Welborn,* for defendants (appellants).

AVERY, J. : The court refused the request of defendant's counsel, made in apt time, to instruct the jury in effect, that in fixing the location of the lower line Moravian Grant the proper and lawful method of conducting the survey was to run with the calls of the deed from an admitted corner or from one which the jury believed was located by the testimony instead of reversing the calls from such points. A corner admitted or ascertained by the usual marks or established by the testimony to the satisfaction of the jury is to be considered by them (as was said by PEARSON, J., in *Safret* v. *Hartman*, 7 Jones, 199) " a fact incorporated into the deed so as to make it a part of the description." If the principle contended for by the defend-

DUNCAN *v.* HALL.

ant's counsel is correct, it was immaterial whether the plaintiff admitted or the jury found from the testimony that the beech tree on Moravian creek was a corner of the Moravian tract.    Whether established by proof or admission, it being in evidence that the line was reversed, when by running forward, a different result would have been attained, it was error to refuse to instruct the jury that the location made by running, as the deed was originally run from a known corner or one established by proof, was to be adopted rather than one ascertained by running in the opposite direction.    It is a fact of which the courts must take and have taken notice that the measurements of boundary lines in making the original surveys for deeds and grants is often, if not always inaccurate.    Those discrepancies between the distance called for and the actual measurement occur much more frequently, too, in an undulating or mountainous section, because, as is a matter of general knowledge, it often happens that in the original surveys of grants only two or three lines of a square or parallelogram were actually run and that the earlier surveyors at least, universally adopted surface measurement.    In running long lines from the top of one high and precipitous mountain to that of another, the area or acreage sold by the State to its citizens would have appeared much less than it actually was, if the level measurement had been adopted in laying off large grants.    It is therefore a well known fact that, owing to inaccuracies in measurement, different results will follow from adopting one or the other of the two methods of surveying where many of the old monuments have perished or been removed.    In determining which is correct the courts proceed upon the idea that the object of legal investigation and inquiry is to find the lines, corners and monuments which were agreed upon by the parties to the original conveyance, and that in order to attain that object the

lines should be run in the direction and order adopted by them. *Harry* v. *Graham*, 1 Dev. & Bat., 76 ; *Norwood* v. *Crawford*, 114 N. C., 513. There are some exceptional instances in which it is manifest that reversing a line is a more certain means of ascertaining the location of a prior line than the description of such prior line given in the deed, but such cases are the rare exceptions to a well established general rule. *Harry* v. *Graham* and *Norwood* v. *Crawford, supra,* at p. 521 ; *Safret* v. *Hartman, supra.* The general rule is an established law of evidence adopted as best calculated to ascertain what was intended to be conveyed, and it is incumbent on a party asking the courts to depart from it to show facts which bring the particular case within the exception to the rule.

We have rarely, if ever, had occasion to review a more confused statement of a case on appeal, but construing all parts of it together we think the defendants Denny and Cowles are entitled to the benefit of this assignment of error. The appeal as to the other defendant was dismissed for failure to print the record.

The defendants Denny and Cowles are entitled to a new trial upon this ground. But we deem it proper, as a guide to the court below, to add that, if it be true as we understand the statement of the evidence and the exceptions that the court below allowed the plaintiff, in the face of objection, to use the simple denial of the defendants in their answers that they were wrongfully and unlawfully in possession as evidence that the defendants were exercising such dominion over a virgin forest as to subject themselves to a possessory action, (*Hamilton* v. *Icard*, 114 N. C., 532, and same case decided at this Term) that ruling was also erroneous. It is true that under the late Act of the Legislature, (Laws 1893, Ch. 6) a plaintiff may maintain an action to remove a cloud from his title without

showing that the defendant is an occupant or any more than a claimant of the land in controversy. But where he alleges an occupation as the cause of action, not only must the allegation and proof correspond, but the testimony offered to show possession is open to objection and exception on the ground of competency. It seems however that this action was brought before the 31st day of January, 1893, and the plaintiff can only recover upon a cause of action then existing.

The appeal of defendant Hall is dismissed. A new trial is awarded to the defendants Denny and Cowles.

FURCHES, J., having been of counsel, did not sit on the hearing of this appeal.