GREEN v. TELEGRAPH CO.

(Filed November 15, 1904).

TELEGRAPHS—*Damages—Mental Anguish.*

> The sender of a telegram is entitled to damages for mental anguish occasioned by the negligent failure of the telegraph company to deliver the same, though the suffering would not have occurred had the company not informed him of the non-delivery.

ACTION by I. E. Green against the Western Union Telegraph Company, heard by *Judge Frederick Moore,* at June Term, 1904, of the Superior Court of HALIFAX County. From a judgment for the defendant the plaintiff appealed.

*Day & Bell, Murray Allen* and *W. E. Daniel,* for the plaintiff.

*F. H. Busbee & Son* and *R. C. Strong,* for the defendant.

DOUGLAS, J. This case is the correlative of that of Willie H. Green against the same defendant, which we have fully discussed and decided. That discussion settling the underlying principles in this case it is unnecessary to repeat. The transaction was the same, and the negligent failure of the defendant to deliver the telegram was as much a breach of public duty towards the father as it was towards the daughter. The injury being the same, it would follow that the right of recovery would be equal, provided the mental suffering complained of was the direct and natural result of the defendant's wrong. The disturbing element in the case at bar, which we frankly confess gave us some trouble in the beginning, is the fact that the plaintiff would apparently have suffered no mental anxiety had he not been informed by the defendant on the following day that the message had not been .delivered. The defendant claims that it was its duty under the repeated decisions of this Court to inform the plaintiff of the non-delivery of the message, and that it should not be held liable for damages resulting from the performance of a legal duty. At first blush this seems a plausible defense; but it will not stand the test of investigation when applied to the facts of this case. The rule as laid down in *Hendricks v. Telegraph Co.,* 126 N. C., 304, 78 Am. St. Rep., 658, is as follows: "We think that it is the duty of the company in all cases where it is practicable to do so to promptly inform the sender of a message that it cannot be delivered. While its failure to do so may not be negligence *per se,* it is clearly evidence of negligence. In many instances, by such a course, the damage could be greatly lessened, if not entirely avoided. A better address might be given, mutual friends might be communicated with, or even a letter might reach the addressee. In any event, the sender might be relieved from great anxiety, and would know what to expect." Here the spirit as well as the letter of the rule is

clearly set forth. The company must *promptly* notify the sender of the non-delivery of the message in order that he may take such steps as may be within his power to avoid or mitigate the effects of the company's negligence. The contention of the defendant comes neither within the letter nor spirit of the rule. The message was sent shortly after twelve o'clock midday on the 23d, and the sender was not notified of its non-delivery until the next morning. The company could have found out within two hours whether the message could be delivered, if indeed it ever made any effort to deliver it, and could have notified the sender of its non-delivery by two or three o'clock in the afternoon. He could then have sent other telegrams to the same party, or to different parties, or even to his daughter on the train. But when the defendant not only failed to promptly deliver the telegram, but further negligently failed to notify the sender until the following morning, seven or eight hours after the arrival of the train in Columbia, it deprived the plaintiff of any opportunity of making any further provision for the safety and comfort of his daughter. This purely colorable compliance with the rule was of no benefit to the plaintiff, and should afford no protection to the defendant.

We do not mean to say that even if the defendant had complied with the rule in good faith, by promptly notifying the sender of the non-delivery of the message, it would have been relieved from all liability. Here the cause of action was the negligent failure of the company to deliver the message, which fixed its liability. Any further action on its part would merely go in mitigation of damages. If in fact the subsequent act of the defendant prevents the occurrence of any substantial damage, it might diminish the plaintiff's legal claim to nominal damages; but the effect is the reverse in the case at bar. In any event he would be entitled to nominal damages. The defendant earnestly contends that the

plaintiff ought not to recover as his suffering was purely imaginative, and relies on the case of *McAllen v. Telegraph Co.*, 70 Tex., 243. We fail to see the pertinency of the citation. As the case before us stands on demurrer, we have no hesitation in saying, for the purposes of its present decision, that the mental suffering of the plaintiff was the direct result of the negligence of the defendant. To what degree he suffered, and whether a man of reasonable firmness should have suffered at all under such circumstances, are questions for the jury. Of course upon the trial of the case, the evidence may not sustain the plaintiff's contention; but taking the allegation of the complaint as admitted by the demurrer, we must hold that they present facts sufficient to constitute a cause of action. The demurrer should have been overruled in the Court below, and its judgment is therefore

Reversed.

CONNOR, J., concurring. I concur in the result but do not concur in the reasons assigned by the majority of the Court. The plaintiff had a cause of action against the defendant company for negligently failing to send and deliver the message. If the facts are found upon the trial as alleged, he is entitled to punitive damages. The complaint sets out a case of gross and inexcusable negligence. I prefer not to discuss or express any opinion in the present condition of the case upon the other questions decided by the Court. I do not think that the tender of the amount paid for the telegram defeated the cause of action. The plaintiff was entitled to go to the jury on the question of damages.