This was an action of ejectment to recover two tracts of land. The court submitted the following issues:
1. Are the plaintiffs the owners and entitled to the possession of the lands described in the complaint? Ans. Yes.
2. Was the defendant in the possession of the lands at the time this action was brought? Ans. Yes.
From the judgment rendered upon the verdict, the defendant appealed.
The plaintiffs claim two tracts of land, containing five and one-half, and thirty-five acres, the former under certain deeds and the latter under a grant to William Mullis, dated 1822, and through mesne conveyances to themselves. The defendant claimed under an entry made in 1889 and a grant issued in 1890, and undertook to show continuous adverse possession from February, 1889, to the time of trial. The record in the case presents thirty-five exceptions, to which we have given consideration, notwithstanding a large number of them seem to have been abandoned, or not noticed by the defendant in his brief.
The defendant's principal exception is to his Honor's refusal to nonsuit the plaintiffs upon the evidence. This exception cannot be sustained as to the thirty-five acre tract. As to that tract, plaintiffs showed a grant in 1822 to William Mullis, registered between 1819 and 1824; a deed from Lindsay, executor, to Mary J. Lindsay, registered 20 April, *Page 368 
1881; a deed from Griffing, commissioner, to J. F. Austin, registered 21 December, 1885 and mesne conveyances to the plaintiffs. The title being out of the State, the plaintiffs showed evidence of possession in 1866 and 1867, and again from 1889 to 1896. The defendant entered this land in 1889, and a grant was issued to him in 1890, and he (465) remained in possession of a part thereof until the time of the trial, but S.C. Criscoe, a cotenant with the plaintiffs, was in possession of a part of the land from 1889 to 1896, and the defendant's possession did not become exclusive until after Criscoe left in 1896, and he was in possession under color, from 1896 until the time this action was brought in 1902, which was not sufficient to ripen his title.
Of the other exceptions insisted upon by the defendant, we deem it proper to consider the tenth and eleventh, which relate to the location of the William Mullis grant, upon the locating of which, plaintiff's title to the thirty-five acre tract depends. The court instructed the jury as follows:
"If the jury find from the greater weight of evidence that the large rock pointed out on the plat at C is one of the natural objects in the line of the boundaries of the grant to William Mullis, then the plaintiffs had the right to reverse the calls in the grant, and run from said rock to find the beginning corner."
This instruction was given at the request of the plaintiffs and the defendant excepted.
The calls of the William Mullis grant are: "Beginning at a red oak, John Mullis's corner, about 60 links from said branch and runs north 53 degrees east, 2 chains and 42 links, to a post oak, Jenkins' corner; then north 73 degrees east, 20 chains to a pine, Jenkins' other corner; then north 47 degrees west, 10 chains to a large rock; then north 9 degrees east, 18 chains and 50 links, to Pinion's corner stake, one post oak and pine pointers; then, with Pinion's line, south 51 degrees west, 22 chains and 50 links to Weatherford's branch; then down the various courses of said branch to the beginning." The surveyor testified in substance that he failed to find any evidence to locate the red oak John Mullis' corner, 60 links from Weatherford's branch, which is the beginning corner of the William Mullis grant; that he also failed (466) to find any evidence of the post oak at the end of the course north 53 east, 2 chains and 42 links to a post oak, Jenkins' corner, and failed to locate by evidence Jenkins' corner. The surveyor further testified that he did find the pine stump on the course reading north 73 east, 20 chains to a pine and that there was a solid line to the pine stump, "Jenkins' other corner." The next call is north 47 degrees west, 10 chains to a large rock, etc. The surveyor testified that he found *Page 369 
this rock; that it was three feet out of the ground, permanent and immovable; and that in order to locate the beginning he started at this rock and reversed the call and went to the pine stump, "Jenkins' other corner." He further testified as follows: "We then put on the variation and started for that corner on the branch. We reversed the call and it led us to that corner marked, no corner found, 2 chains and 50 links from the beginning corner, that is where our distance gave out. We then reversed the first call and adjusted bearing and that carried us to the beginning corner, there to the red oak." He was asked, "What distance was that as marked on the plat?" and answered, "I have it marked 252; I believe one grant has it marked 242 and another 252. As best I remember it the deeds differ 10 links." He was also asked, "Mr. Mullis, you found the pine at Jenkins' corner at B, and went back to the beginning by reversing the course to Jenkins' corner, to the pine stump, then to the beginning corner and reversed the run from the large rock?" He answered, "Yes, sir, with the adjusted bearing." The defendant contends that under the evidence it was not permissible to locate the beginning corner by reversing the courses from the large rock as was done by the surveyor, and that therefore the plaintiffs have failed entirely to locate the William Mullis grant. The general rule is that in order to locate a boundary, the lines should be run with the calls in the regular order from a known beginning, and the test of reversing in the progress of the survey should be resorted to only when the terminus of a call cannot be ascertained by running forward, but can be fixed with certainty by running reversely (467) the next succeeding line. There are exceptional instances in which it is manifest that reversing a line is a certain means of ascertaining the location of a prior line. In Duncan v. Hall, 117 N.C. 446, it is said byJustice Avery, "that the general rule is an established law of evidence adopted as best calculated to ascertain what was intended to be conveyed, and it is incumbent on a party asking the court to depart from it to show facts which bring the particular case within the exception to the rule." It appears from the evidence of the surveyor that there is no evidence to locate the red oak called for as the beginning or the post oak called for as the second corner. Plaintiffs contend that the pine, Jenkins' other corner, and the large rock called for, have been located and ascertained, and that in the absence of any evidence as to the first and second corners, to wit, the red oak and the post oak, Jenkins' corner, the grant can be located only by the method adopted by the surveyor, and that such method furnishes a certain means of locating it with accuracy. Under these circumstances we think the authorities support the charge given by the court. In this case the *Page 370 
evidence tends to prove that the large rock called for is a permanent and immovable object three feet above ground, and that it is the rock called for in the William Mullis grant. The evidence also tends to establish the location of the pine, "Jenkins' other corner." Reversing the course and distance from the rock brought the surveyor to this corner and by following thence the reversed course, properly adjusting the bearing by allowing the variation, the surveyor states he was enabled to locate the beginning. In Dobson v. Finley, 53 N.C. 498, ChiefJustice Pearson says: "Supposing the pine to be established as the second corner, could the first, a beginning corner, be located by reversing the course and measuring the distance called for, from the pine back, that is, on the reversed course? His Honor ruled that the beginning (468) corner could be fixed in this way; we agree with him. If the second corner is fixed, it is clear, to mathematical certainty, that by reversing the course and measuring the distance, you reach the first corner; so there is no question about overruling either course or distance by measuring the line, and the object is to find the corner by observing both course and distance." In Harry v. Graham,18 N.C. 77, Chief Justice Ruffin says: "For example, if this deed had said that the line from the corner chestnut and red oak ran to a black oak near the patentee's other line and gave neither course nor distance, or only one and thence north 45 degrees, east 220 poles to a post oak, his own and Beard's corner, the line might be reversed from the post oak to ascertain the corner of that and the next preceding line, because that affords the only evidence (the black oak not being found, or its locality otherwise identified) of the point at which the one line terminated and the other began."
We think his Honor's charge is justified by the eminent authorities we have cited. If the large rock and the pine, "Jenkins' other corner," are located to the satisfaction of the jury, we see no reason why the method pursued by the surveyor, in following the reversed course, with proper adjustment, should not establish the beginning corner with reasonable certainty. We see nothing in Norwood v. Crawford, 114 N.C. 518, which militates against the position that this is a proper method of determining the beginning corner of this grant. There is testimony upon the part of the surveyor tending to prove that there was a solid line to the pine stump, being "Jenkins' other corner" ; that he found the pine stump there. When he found the large rock and reversed his course, with proper adjustment, it carried him back to "Jenkins' other corner," and by continuing the reversed course it should bring him back to the beginning. The conditions seem to be present in this evidence which would make this case one of the exceptions *Page 371 
mentioned in Duncan v. Hall, supra. There is an entire absence (469) of any proof of a red oak about sixty links from the branch or of John Mullis' corner. There is also no proof of the location of a post oak, being Jenkins' corner, but there is proof of the location of the pine at "Jenkins' other corner," and there is evidence locating the large rock mentioned in the grant as the terminus of the third line. These conditions, we think, justified the surveyor in reversing his line from the large rock back to "Jenkins' other corner," and then continuing the reversed line and thereby locating the beginning. We think, therefore, his Honor properly refused the 14th and 15th instructions tendered by the defendant, which were practically requests to instruct that the grant had not been located.
We think his Honor erred in respect to the title to the 5 1-2 acre tract. The plaintiffs showed no grant to themselves or to any one under whom they claimed for that tract. The plaintiffs offered evidence of possession of this tract during the years of 1866 and 1867, and from that time until 1889 there is no evidence of actual possession, consequently the possession followed the legal title which was in the State. Plaintiffs also offered evidence of possession from 1889 to the fall of 1896, and for the purpose of showing title out of the State relied upon the grant from the State to John M. Austin, dated 19 December, 1890. The right of the defendant to this 5 1-2 acre tract did not accrue until the date his grant was issued. At that time the title was in the State, the plaintiffs having failed to show title out of the State either by possession or grant. Inasmuch as the right of the defendant to sue did not accrue until 19 December, 1890, and as his grantor, the State, was not barred, the seven year statute (sec. 141 of The Code) did not begin to run until the date of his grant. Therefore, the plaintiffs have failed to show seven years possession under color of title since the date of that grant. Hamilton v. Icard, 114 N.C. 542. (470)
The judgment of the Superior Court in respect to the 35 acre tract is affirmed. As to the 5 1-2 acre tract the judgment is reversed and a new trial is awarded. Let the costs of this Court and the appeal be divided equally between the plaintiffs and defendant.
Partial new trial.
Cited: Land Co. v. Lang, 146 N.C. 315; Hanstein v. Ferrall, 149 N.C. 243;Gunter v. Mfg. Co., 166 N.C. 166. *Page 372