DAN FORNEY v. POSTAL TELEGRAPH-CABLE COMPANY.

(Filed 4 May, 1910.)

Telegraphs—Reasonable Stipulations—Written Claim—Form Sufficient.

The stipulation printed upon a telegram requiring that claim for damages be presented within sixty days in writing, etc., is not a statute of limitation, and is upheld only as a requirement to afford the company reasonable opportunity to ascertain the facts and circumstances, connected with the transaction, from its employees who handled the message, and whether they had been negligent in forwarding or delivering it; and the written claim is in form sufficient when it sets out the telegram showing its nature, its date of filing, the party claiming to have been damaged, with the amount claimed.

APPEAL by defendant from *Webb, J.,* at October Term, 1909, of CABARRUS.

The facts are stated in the opinion of the Court.

*Jerome, Maness & Sykes* for plaintiff.
*Montgomery & Crowell* for defendant.

WALKER, J.    This action was brought by the plaintiff to recover damages for delay in delivering a telegram, which was sent from Charlotte, N. C., 6 December, 1907, by Govan Reeves to Dan Forney, Concord, N. C.    It was in the following words: "Jerry is dead.    Tell Sye.    Can you come at once?    Answer." The message was not delivered until 9 December, 1907.    No question is presented in this case as to the negligence of the defendant, and the jury found that there had been negligence in delivering the telegram, and assessed the plaintiff's damages at $100.    The only point raised in the case is whether the plaintiff presented his claim within sixty days after the message was filed for transmission, as he was required to do by the terms and stipulations of the contract between him and the defendant, which stipulation we have held to be valid.    *Sherrill v. Tel. Co.,* 109 N. C., 527.    It appeared on that day, 9 December, 1907, the attorneys for Dan Forney addressed to the proper officer of the defendant company a letter as follows:

DEAR SIR:—On the 6th instant the following message was sent to Dan Forney, and delivered on 9 December, at 9 o'clock A. M.:

CHARLOTTE, N. C., 6 December, 1907.
DAN FORNEY, Colored, *Concord, N. C.*

Jerry is dead.    Tell Sye.    Can you come at once?    Answer.
GOVAN REEVES.

FORNEY v. TELEGRAPH COMPANY.

Dan Forney is known by everybody in Concord, N. C.; lives right here in town, with no earthly excuse why this message should not have been delivered at once, and we herewith file claim for $2,000 damage for failure to deliver the same.

You will please take the matter up, and if the same can be adjusted without suit, we shall be glad to do so; otherwise, suit will be entered at once.

Very truly yours,

ADAMS, ARMFIELD, JEROME & MANESS.

This letter was received by the defendant and its receipt acknowledged on 13 December, 1907, which was eight days after the message was filed, and we are called upon to decide whether that letter was sufficient in form to apprise the defendant of the nature of the claim, in order that it might ascertain the facts. In *Sherrill v. Tel. Co., supra,* we held that the stipulation in regard to notifying the defendant of the plaintiff's claim did not restrict the liability of the telegraph company for negligence, but that it was rather intended to afford to the company an opportunity to inquire into the nature of the claim and the facts and circumstances in regard to the alleged act of negligence on its part, "while the matter is still within the memory of witnesses," and the stipulation was held to be reasonable, because of the number of telegrams constantly passing over the wires, which rendered some such stipulation absolutely necessary to protect the company from imposition. *Bryan v. Tel. Co.,* 133 N. C., 603. It is not a statute of limitation and does not relieve the telegraph company of any part of its obligation to receive, transmit and deliver a telegram with the same degree of care and diligence as would have been required of it if no such agreement had been made. *Express Co. v. Caldwell,* 21 Wall., 264. The stipulation, of course, does not apply to a case of nondelivery. The sixty days should be counted, it would seem, from the time that the delayed message is delivered, or from the time that the plaintiff has notice of its nondelivery; but this question is not presented in our case, as the letter was mailed and received by the defendant within the sixty days after it had been filed for transmission. As to the sufficiency of the notice by the plaintiff to the defendant of its claim for damages, we are clearly of the opinion that it fully informed the defendant of the nature of the claim, so that it could have inquired into the facts and circumstances and ascertained from its employees who handled the message, whether there had been negligence in forwarding or delivering the same. We cannot imagine what other information the defendant could

have required for that purpose. The correspondence between the plaintiff's attorneys and the defendant shows that the latter did make an investigation and ascertained the facts, and upon these facts it denied its liability, alleging that there had been no negligence in delivering the message. We can, therefore, see nothing in the contention of the defendant that the stipulation in the contract between the parties, which requires the plaintiff to present his claim within sixty days after the message is filed for transmission, had not been complied with. The jury have found against the defendant upon the issue as to negligence, and as we think the plaintiff has, in all respects, performed his part of the contract, we can find no error in the ruling of the court below.

No error.