LIZZIE PENN v. WESTERN UNION TELEGRAPH COMPANY.

(Filed 28 May, 1912.)

**1. Telegraphs—Mental Anguish—Measure of Damages—Notice.**

Under certain circumstances substantial damages for mental anguish may be recovered against a telegraph company for wrongful and negligent failure to deliver or correctly transmit a telegraphic message, independently of bodily or pecuniary injury, by the sender, addressee, or the beneficiary, whose interest therein has been sufficiently made known to the company.

**2. Telegraphs — Public-service Corporations—Messages—Contracts —Public Policy.**

Damages for mental anguish are permitted to be recovered in this State, not only as a rule of interpretation and adjustment of the rights of the parties growing out of the contract between them, but because of our public policy, adopted and recognized as necessary to enforce the proper performance of duties incumbent on telegraph companies as public-service corporations.

**3. Same—Torts.**

A party entitled to recover damages from a telegraph company for its failure in its duty to transmit and deliver a message may bring his action either in contract or in tort.

**4. Same — Negligence — Delivery — Jurisdiction—Measure of Damages.**

The sendee of a telegram delivered to the telegraph company in another State, where damages for mental anguish were not recoverable, may bring his action in this State in tort for negligent breach of duty occurring here, and recover such as may have naturally resulted from the wrong, that is, such as were reasonably probable under the circumstances existent at the time according to the law, statutory or otherwise, of North Carolina. Cases in which the measure of damages were regulated by rules obtaining on breach of contract discussed and distinguished by HOKE, J., showing that under the circumstances of the case at bar, where recovery in tort is sought, they were inapplicable, and, if otherwise, they were not intended to be controlling.

PENN *v.* TELEGRAPH CO.

### 5. Same—Stare Decisis.

The doctrine of *stare decisis* does not apply when the former decisions are clearly found to be erroneous, and contrary to our declared public policy; and in this case it is held that the former decisions of our Court upon the mental anguish doctrine, measuring the damages as if arising in contract, if applicable, will not control in an action brought in tort for the failure of a telegraph company to use proper efforts in the delivery of a message here which had been received for transmission in another jurisdiction where damages of this character are not recoverable.

### 6. Telegraphs—Mental Anguish—Tort—Parties in Interest.

When a recovery for mental anguish for the negligence of a telegraph company in transmitting or delivering a telegram is laid in tort, it is confined to the parties to the contract, or to those whose interest, as beneficiaries of the message, have been sufficiently disclosed to the company, this being the only damage that could be considered reasonable or probable for such breach of duty.

### 7. Same—Stipulations—"Sixty Days."

The regulations of a telegraph company requiring presentation of claims for damages within sixty days, etc., are upheld, and held to have no bearing upon the doctrine of holding a telegraph company responsible for its negligence in delivery in North Carolina of a message received by it in another jurisdiction where a recovery for mental anguish alone is denied.

CLARK, C. J., concurring; WALKER, J., concurring in result; BROWN, J., dissenting.

APPEAL from *Lyon, J.,* at December Term, 1911, of FORSYTH.

Civil action to recover damages for negligently failing to deliver a telegram.

The evidence tended to show that on morning of 3 July, 1911, at 8 A. M., a message was delivered to defendant company by Herbert Penn., at Roanoke, Va., addressed to plaintiff at Winston-Salem, N. C., announcing the death of a child of Herbert Penn and grandchild of plaintiff, and that same was duly and properly transmitted by defendant to its office at Winston-Salem and there defendant negligently failed to deliver it to plaintiff, whose place of residence was well known, and she only had notice that such a message was in the Winston office through

PENN v. TELEGRAPH Co.

a postal card from defendant's agent, delivered on the morning of 5 July, and by reason of such negligence and wrong on the part of defendant company and its agent, plaintiff was prevented from going to Roanoke and being with her son in the time of his bereavement and from attending the funeral of her grandchild, etc.

Defendant, denying negligence, alleged further that the contract for transmission and delivery of the message was made in Roanoke, Va., and plaintiff's cause of action, if she had any, arose in that State, and that, by the law of that State, substantial damages for mental anguish could not be awarded in such an action, and the jury rendered the following verdict:

First. Did the defendant negligently fail to deliver the message, as alleged in the complaint? Answer: Yes.

Second. If so, did the acts and omissions constituting negligence occur in the State of North Carolina? Answer: Yes.

Third. If the message had been delivered in a reasonable time, could and would the plaintiff have gone to Roanoke to be present at the funeral, as alleged in the complaint? Answer: Yes.

Fourth. Under the law of the State of Virginia can damages for mental suffering, independent of any injury to person or estate, be recovered against a telegraph company for negligent failure to deliver a message or for negligent delay in the delivery of a message, although the telegraph company is advised of the character of the message? Answer: No.

Fifth. What damage, if any, has the plaintiff sustained on account of mental anguish caused by the negligence of the defendant? Answer: $200.

The court having declined to enter judgment on verdict for defendant, gave judgment thereon for plaintiff, and defendant excepted and appealed.

*John M. Robinson and W. Reade Johnson for plaintiff.*
*George H. Fearons and Manly, Hendren & Womble for defendants.*

HOKE, J., after stating the case: It is well-established doctrine in this State that under given circumstances substantial

damages for mental anguish may be awarded for wrongful and negligent failure to deliver or correctly transmit a telegraphic message, and this independent of bodily or pecuniary injury. The authorities are also to the effect that such recovery may be had by the sender or the addressee of the message or the beneficiary whose interest in its proper delivery has been sufficiently made known to the company. *Christmon v. Telegraph Co., ante,* 195; *Kivett v. Telegraph Co.,* 156 N. C., 296; *Woods v. Telegraph Co.,* 148 N. C., 1; *Dayvis v. Telegraph Co.,* 139 N. C., 80; *Cranford v. Telegraph Co.,* 138 N. C., 162; *Green v. Telegraph Co.,* 136 N. C., 489; *Williams v. Telegraph Co.,* 136 N. C., 82; *Bright v. Telegraph Co.,* 132 N. C., 317; *Kennon v. Telegraph Co.,* 126 N. C., 232; *Young v. Telegraph Co.,* 107 N. C., 370. A perusal of the numerous cases on the subject will disclose that this position allowing recovery for mental anguish not only obtains with us as a rule of interpretation and adjustment of the rights of the parties growing out of the contract between them, but it has become also a part of our public policy, adopted and recognized as necessary to enforce the proper performance of duties incumbent on these companies as public-service corporations. Crosswell on Law of Electricity, sec. 634. From this it has been said to follow that in a certain class of injuries involving a breach of these duties, an action may lie either in contract or in tort, a position upheld here as a general principle in reference to corporations of this character. *Carmichael v. Telephone Co.,* 157 N. C., 21; *Peanut Co. v. R. R.,* 155 N. C., 148; and authorities cited, more especially the concurring opinions of *Associate Justice Allen,* and applied directly to telegraph companies in several well-considered decisions in this State. *Cordell v. Telegraph Co.,* 149 N. C., 402; *Green v. Telegraph Co.,* 136 N. C., 506; *Cogdell v. Telegraph Co.,* 135 N. C., 431; *Landie v. Telegraph Co.,* 124 N. C., 528, and sustained in numerous cases elsewhere by courts of recognized authority; *McGehee v. Telegraph Co.,* 169 Alabama, 109; *Gray v. Telegraph Co.,* 108 Tenn., 39; *Mentzer v. Telegraph Co.,* 93 Iowa, 752; *McLeod v. Telephone Co.,* 52 Oregon, 22; *Baily v. Western Union,* 227 Pa., 522; *Stewart & Co. v. Postal Telegraph Co.,* 131 Ga., 31; *Telegraph Co. v.*

*Schrewer,* 141 Fed., 538; Thompson's Law Electricity, sec. 424.

In the present case the verdict has established an action in tort arising by reason of negligent default on the part of defendant company, within the State of North Carolina, and the damages have been properly awarded which have naturally resulted from the wrong, that is, such as were reasonably probable under the circumstances existent at the time and according to the law of the jurisdiction, statutory or otherwise, where same occurred. *Young v. Telegraph Co.,* 107 N. C., 370; *Peanut Co. v. R. R., supra; Gray v. Telegraph Co., supra; Hughes v. Telegraph Co.,* 72 S. C., 39; *Harrison v. Telegraph Co.,* 71 S. C., 386; *Geuth v. Telegraph Co.,* (Ark.) 100 S. W., 742; *Western Union v. James,* 162 U. S., 650; Hale on Damages, p. 50; Jones Telegraph and Telephone Companies, sec. 518.

It is objected for defendant that the court in numerous decisions has said that the rules which obtain in awarding damages for breach of contract were properly applicable to cases of this character and has repeatedly referred to *Hadley v. Baxendale* as the controlling authority on the subject. In many of the cases the action was brought for breach of the contract, and the position as stated was in strictness correct. In others the rules established or declared in *Hadley v. Baxendale* were applied because they afforded a very safe guide to a correct estimate of damages and because on the facts as presented there was no call for making discrimination in the two kinds of action. In so far as mental anguish is concerned, except in cases where punitive damages are sought and allowable and except as to the time, when the relevant circumstances are to be noted and considered, the amount is very much the same whether the recovery is had in contract or in tort. In the one case those damages are allowed which were in the reasonable contemplation of the parties when the contract was made, and in the other the consequential losses resulting from the tort and which were natural and probable at the time the tort was committed. Hale on Damages, page 48.

Speaking to these principles and their practical application in Scott and Jarnagan's "Law of Telegraphs," it is said: "But

when the contract between the parties does not show they had
in contemplation this wider range in the estimate of damages
(in contract), the measure of damages seems to be substantially
the same in either kind of action. The true rule for estimat-
ing damages in actions *ex contractu* may be stated thus: The
defendant is liable only for such damages as may fairly and
substantially be considered as arising naturally, *i. e.,* according
to the usual course of things, from the breach of the contract,
or—and here is where the measure of damages takes a wider
range—for whatever damages may fairly be supposed to have
been within the contemplation of the parties. The rule in
actions *ex delicto* is that the damages to be recovered must be
the natural and proximate consequence of the act complained
of. This is the rule when no malice, fraud, oppression, or evil
intent intervenes. The damages which may be considered as
arising naturally, according to the usual course of things, from
the breach of the contract, are substantially the same as dam-
ages which are the natural and proximate consequences of the
wrong complained of." And in Jones on Telegraph and Tele-
phone Companies, sec. 518, the author, while saying that under
some circumstances the recovery in tort may take a wider
range, is in support of the proposition that the amount of dam-
ages are usually the same. It was in deference to this view,
that, under all ordinary conditions, the damages to be awarded
for mental anguish are practically one and the same, whether
the action be in contract or in tort, that the Court has thus far
allowed the rules in *Hadley v. Baxendale* to prevail; but it was
never intended in cases requiring that the distinctions between
the two classes of actions be observed, that when a tort was
clearly established and committed within this jurisdiction that
the usual rules for awarding damages in actions of that char-
acter should be modified or ignored. Thus in *Dayvis v. Tele-
graph Co., supra,* the Court, in speaking to this position, said:

"In awarding damages for mental anguish, however, when
the right thereto has been established, the decisions of this
Court have thus far uniformly applied the law governing
cases of breach of contract." And in *Williams v. Telegraph
Co.,* 136, N. C., 84, *Associate Justice Walker,* delivering the

opinion, said: "In order to ascertain the damages which a plaintiff, who sues for a breach of contract, is entitled to recover, the rule laid down in *Hadley v. Baxendale* has generally been adopted as the one which will give the complaining party a fair and reasonable recompense for any loss he may have sustained or for any injury he may have .suffered"—opinions giving indication that when the action is for a tort and under some conditions the rules applied are not, necessarily, exclusive, and those which ordinarily obtain in actions of tort might, in proper cases, be applied.

Pursuing this same objection, there 'were several decisions called to our attention which, it is claimed, are in express denial of plaintiff's right to recover to the present verdict, notably *Hancock's case,* 137 N. C., 497; *Hall's case,* 139 N. C., 369. *Bryan's case,* 133 N. C., 603, and *Johnston's case,* 144 N. C., 410, and the doctrine of *stare decisis* is earnestly invoked in support of defendant's position.

In *Hancock's case, supra,* the action was by the sender and was brought upon the contract, and it does not definitely appear that the default occurred in this State. In *Hall's case, supra,* the right to recover for mental anguish was left' as an open question to be determined on the facts as they should be ultimately made to appear. In *Bryan's case* the action was upon breach of the contract, and recovery was sustained on the express ground that the contract was made in this State. In *Johnston's case,* 144 N. C., 410, the language of opinion is much broader and seems to be an authority sustaining defendant's position, but a perusal of the case will clearly disclose that the learned judge was treating· it throughout as an action for breach of the contract and the decision was made.to rest on *Bryan's case* and other decisions applying the familiar principle that, in actions for breach of contract, when same originates in one State and is to be partly performed there, the laws of such State are ordinarily allowed as controlling on the question of interpretation and adjustment of the rights of the parties. These cases, then, when properly. understood, do not, in our opinion, call for or permit an application of the doctrine of

*stare decisis.* In *Mason v. Cotton Co.*, 148 N. C., 509, speaking of this doctrine of *stare decisis* and its proper application, the Court said:

"We are not insensible to the great importance of the doctrine of *stare decisis,* a doctrine of recognized value in all countries whose jurisprudence, like our own, is founded so largely on precedents. We know that the courts in such countries, as a general rule, will adhere to a decision found to be erroneous, when it has been acquiesced in for a great length of time, so as to become accepted law, constituting a rule of property. And there are other conditions, restricted in their nature, where the doctrine may be properly applied, but none of them require or permit that a court should adhere to a decision, found to be clearly erroneous, which affects injuriously a general business law, and under the circumstances indicated here. As it has been well said, 'Where vital and important public or private rights are concerned, and the decisions regarding them are to have a direct and permanent influence upon all future time, it becomes the duty as well as the right of the Court to consider them carefully and to allow no previous error to continue, if it can be corrected. The foundation of the rule of *stare decisis* was promulgated on the ground of public policy, and it would be a grievous mistake to allow more harm than good to come from it.' 26 Am. and Eng. (2d Ed.), p. 184"; and the important and valuable case of *Hill v. R. R.*, 143 N. C., 539, is in illustration of the same view.

Recurring to the position sustained by these authorities, and more especially to the citation from 26 A. and E., *supra,* even if the doctrine of *stare decisis* was presented, it should not be allowed to prevail where a tort involving a breach of public duty, occurring within this State, has been clearly established and damages awarded on a principle recognized as necessary to enforce proper performance of such duties in this and all other cases of like kind.

It is also contended that if this proceeding and the principle upon which it rests are upheld, many persons could institute actions for the same breach of duty; that recoveries would be unduly multiplied and, in many instances, grave injustice

done; but there would seem to be no good reason for this apprehension. As we have endeavored to show, in the large number of cases the amount of damages to be awarded for mental anguish is practically the same whether the action is on tort or contract. Where a tort is established the consequential damages are only those which are natural and probable under the circumstances existent or as they reasonably appeared at the time the same occurred, and, applying the principle, when recovery for mental anguish is had in tort, the damages are properly confined to the parties to the contract or to those whose interest, as beneficiaries of the message, has been sufficiently disclosed to the company. It is only as to those persons that such damages could be reasonably held either probable or natural.

It is further insisted that the regulations of the company, requiring presentation of claims of this kind within sixty days, would be annulled, but, to our minds, no such result follows. These regulations, to the extent that they are reasonable, and not in excuse for negligence, have been upheld with us by express decision, and we see no reason why they should not be allowed to prevail, whether the action is in contract or tort. *Forney v. Telegraph Co.,* 152 N. C., 494; *Sherrill v. Telegraph Co.,* 109 N. C., 527.

We are aware that there are decisions to the contrary in other jurisdictions, more especially in respect to the addressee of the message, but they are not in accord with the principles established here. We were referred by counsel to the case of *Cannaday v. R. R.,* 143 N. C., 439, as authority in contravention of our present ruling, but that was a case where the contract and all the facts relevant to plaintiff's cause of action had their origin and existence in another State, and the case has no application to the facts appearing in this record, and, in two cases from Supreme Court United States, to which we were cited, *Primrose v. Telegraph Co.,* 154 U. S., 444, and *Western Union v. Hall,* 124 U. S., 444, the actions were considered and dealt with as for breach of the contract. In the present case a tort committed in this State having been established by the

verdict, we are of opinion that the damages have been awarded on correct principles, and the judgment in plaintiff's favor must be therefore affirmed.

Affirmed.

CLARK, C. J., concurring: When a message is sent from a point in this State to a point in another State, recovery can be had for mental anguish resulting from the breach of contract of prompt delivery. This is in accordance with the law of the place of contract. *Bryan v. Telegraph Co.,* 133 N. C., 603, and numerous cases since.

When the message is sent from another State into this State, and there is a failure to deliver promptly after the arrival of the message in this State, the party in interest is entitled to recover damages for the breach of the public duty which has occurred here. Such damages are to be measured according to the public policy of this State where the breach of duty has occurred. Hence, mental anguish can be allowed when it has been caused by reason of such breach of duty.

The first cases in this State in which mental anguish was allowed were cases in which the message had been sent from a point out of the State to a point in the State. *Young v. Telegraph Co.,* 107 N. C., 371, was the case where the message was sent from Greenville, S. C., to the plaintiff at New Bern, N. C. In *Thompson v. Telegraph Co., ib.,* 449, the message was sent from Danville, Va., to Milton, N. C. These were the first two cases in which recovery was had for mental anguish.

There have been numerous cases since in which mental anguish has been recovered where the message was sent from a point outside of the State to a point in the State. Among them are *Sherrill v. Telegraph Co.,* 109 N. C., 529; *s. c.,* 116 N. C., 656; *s. c.,* 117 N. C., 354; *Lewis v. Telegraph Co., ib.,* 436; *Lyne v. Telegraph Co.,* 123 N. C., 130; *Higdon v. Telegraph Co.,* 132 N. C., 726; *Williams v. Telegraph Co.,* 136 N. C., 82; *Hall v. Telegraph Co.,* 139 N. C., 370; *Whitten v. Telegraph Co.,* 141 N. C., 361; *Woods v. Telegraph Co.,* 148 N. C., 9; *Marquette v. Telegraph Co.,* 153 N. C., 156; *Sherrill v. Telegraph Co.,* 155 N. C., 251. At this term, in *Alexander*

*v. Telegraph Co.,* 158 N. C., 473, mental anguish was allowed in a case where the message was sent from Norfolk, Va., to a point in this State.

The only case contrary to the above was *Johnson v. Telegraph Co.,* 144 N. C., 410, which has not been followed since. In Jones on Telegraphs, sec. 598, it is said: "Under the rulings of the courts in those States which permit a recovery of damages for mental anguish or suffering, such damages may be recovered for the negligent transmission or delivery of a message sent into these States from those which refuse to allow such damages. *Gray v. Telegraph Co.,* 108 Tenn., 39; 56 L. R. A., 301n; 91 Am. St., 706; *Telegraph Co. v. Blake,* 29 Tex. Civ. App., 224. The same rule applies where the messages are sent from those States which permit, to those which do not permit, such recovery, when the action is brought in the former State. So, also, damages may be recovered where the message is sent, although it is to be delivered in a State which does not allow a recovery of such damages. *Bryan v. Telegraph Co.,* 133 N. C., 603; *Telegraph Co. v. Waller,* 96 Tex., 589; *Telegraph Co. v. Cooper,* 29 Tex. Civ. App., 591. But if both the States from, and to which, the message is sent refuse to allow damages for mental suffering, such damages cannot be recovered, although the suit is brought in a State which does allow such damages, and is one through which the company has a line. *Thomas v. Telegraph Co.,* 25 Tex. Civ. App., 398. It seems that the statutes in those States (and, we may add, decisions) permitting a recovery of such damages raise the duty of these companies above that assumed in the contract of sending, and base their reasons upon the fact that a public duty has been violated for which damages may be recovered either at the place of sending or receiving." The author cites, to sustain the view that this is a breach of public duty, Thomp. Elec., sec. 427. This ground of recovery has always been recognized in this State. *Woods v. Telegraph Co.,* 148 N. C., 9.

In 2 Joyce Tel., sec. 812c., it is said: "Under a South Carolina case, if a mistake occurs at the office in a State from which the telegram is sent, recovery may be had therein by the addressee for mental anguish, where it is a ground for recovery

in such State, and it need not be shown that there has been a change in the common law of the State to which the message is sent. *Walker v. Telegraph Co.,* 75 S. C., 512. It is also determined in that State that, although the telegram is received for transmission in another State, yet, if there was a failure to deliver in South Carolina an action was maintainable there for the resulting mental suffering."

If there is breach of public duty, and damages for mental anguish are recoverable therefor, it logically follows that when the action is brought in this State such damages are recoverable, whether the message originated or was received here. And, for the very reason that permits either the sender, sendee, or beneficiary of a message to recover upon showing injury to himself from a breach of such duty, this State has allowed damages for mental suffering, irrespective of whether the message was originated here or was received here.

The sole case to the contrary is *Johnson v. Telegraph Co.,* 144 N. C., 410, which is opposed to the numerous cases above cited and in which the first paragraph in the headnotes requires us to overrule what is stated in the second headnote.

WALKER, J., concurring in result: I agree with the majority of the Court that damages are recoverable by plaintiff, the sendee of the message, in this State, to whom it was addressed by the sender at Roanoke, Va., although it appears that damages for mental anguish are not recoverable by the law of the latter State; but I cannot assent to the position that this decision is in harmony with *Johnson v. Telegraph Co.,* 144 N. C., 410, for I must think that the two cases are in irreconcilable conflict, at least in principle. In the *Johnson case* the suit was brought by the sendee, who was in this State, and the message originated in Virginia, where damages for mental anguish were not recoverable. The same principle, in my opinion, must necessarily govern both cases. In *Bryan v. Telegraph Co.,* 133 N. C., 603, the sendee, who lived in South Carolina, where damages for mental anguish are not recoverable, was allowed to recover, but not for the reasons stated in support of the opinion of the Court in this case.

PENN *v.* TELEGRAPH CO.

BROWN, J., dissenting: I am of opinion that this case is governed wholly by the decision in *Bryan's case,* 133 N. C., 603, and *Johnson's case,* 144 N. C., 410. *Bryan's case* was decided in 1903, and the opinion written by *Clark, Chief Justice.* It has been cited and approved in eleven cases, which are cited in the notes to the report of the case. The *Johnson case* was decided solely upon the authority of the *Bryan case,* and by a unanimous Court, and it was so understood by every member of this Court, including the author of the opinion in the *Bryan case.*

In *Bryan's case* and in *Johnson's case* following, it is held that "the liability of a telegraph company for damages for mental anguish, for negligence in transmitting telegraph messages from its office in one State to that of another for delivery, is determined by the laws of the State in which the message was received for transmission."

In *Bryan's case,* which has been followed without deviation since its decision, the *Chief Justice* says: "A case exactly in point is *Reed v. Telegraph Co.,* 34 L. R. A., 492 (Mo.), which holds that if a telegraph message is delivered to the company in one State to be by it transmitted to a place in another State, the validity and interpretation of the contract, as well as its liability thereunder, is to be determined by the laws of the former State. The contract was made at Mooresville, in this State; it is a North Carolina contract, and damages for its breach are to be assessed according to the liability attaching to such contract under our laws."

It is to be noted that at the time that decision was rendered the laws of South Carolina did not permit a recovery upon the ground of mental anguish, and the sendee of the message, who lived in South Carolina, was permitted to come into this State and bring action in its courts in order to recover damages for mental anguish.

Now that the defendant company relies upon the very same principle announced in that case for its protection, the case is practically ignored. "It is a poor rule that does not work both ways."