CLARK, C. J., concurring; WALKER, J., concurring in result; BROWN, J., dissenting.
Action to recover damages for negligently failing to deliver a telegram.
The evidence tended to show that on morning of 3 July, 1911, at 8 a.m., a message was delivered to defendant company by Herbert Penn, at Roanoke, Va., addressed to plaintiff at Winston-Salem, N.C. announcing the death of a child of Herbert Penn and grandchild of plaintiff, and that same was duly and properly transmitted by defendant to its office at Winston-Salem and there defendant negligently failed to deliver it to plaintiff, whose place of residence was well known, and she only had notice that such a message was in the Winston (308) office through a postal card from defendant's agent, delivered on the morning of 5 July, and by reason of such negligence and wrong on the part of defendant company and its agents, plaintiff was prevented from going to Roanoke and being with her son in the time of his bereavement and from attending the funeral of her grandchild, etc.
Defendant, denying negligence, alleged further that the contract for transmission and delivery of the message was made in Roanoke, Va., and plaintiff's cause of action, if she had any, arose in that State, and that, by the law of that State, substantial damages for mental anguish could not be awarded in such an action, and the jury rendered the following verdict:
First. Did the defendant negligently fail to deliver the message, as alleged in the complaint? Answer: Yes.
Second. If so, did the acts and omissions constituting negligence occur in the State of North Carolina? Answer: Yes.
Third. If the message had been delivered in a reasonable time, could and would the plaintiff have gone to Roanoke to be present at the funeral, as alleged in the complaint? Answer: Yes.
Fourth. Under the law of the State of Virginia can damages for mental suffering, independent of any injury to person or estate, be recovered against a telegraph company for negligent failure to deliver a message or for negligent delay in the delivery of a message, although the company is advised of the character of the message? Answer: No.
Fifth. What damage, if any, has the plaintiff sustained on account of mental anguish caused by the negligence of the defendant? Answer: $200. *Page 249 
The court having declined to enter judgment on verdict for defendant, gave judgment thereon for plaintiff, and defendant excepted and appealed.
after stating the case: It is well-established doctrine in this State that under given circumstances substantial damages for mental anguish may be awarded for wrongful and negligent (309) failure to deliver or correctly transmit a telegraph message, and this independent of bodily or pecuniary injury. The authorities are also to the effect that such recovery may be had by the sender or the addressee of the message or the beneficiary whose interest in its proper delivery has been sufficiently made known to the company. Christmon v. Telegraph Co.,ante, 195; Kivitt v. Telegraph Co., 156 N.C. 296; Woods v. Telegraph Co.,148 N.C. 1; Dayvis v. Telegraph Co., 139 N.C. 80; Cranford v. TelegraphCo., 138 N.C. 162; Green v. Telegraph Co., 136 N.C. 489; Williams v.Telegraph Co., 136 N.C. 82; Bright v. Telegraph Co., 132 N.C. 317;Kennon v. Telegraph Co., 126 N.C. 232; Young v. Telegraph Co., 107 N.C. 370. A perusal of the numerous cases on the subject will disclose that this position allowing recovery for mental anguish not only obtains with us as a rule of interpretation and adjustment of the rights of the parties growing out of the contract between them, but it has become also a part of our public policy, adopted and recognized as necessary to enforce the proper performance of duties incumbent on these companies as public-service corporations. Crosswell on Law of Electricity, sec. 634. From this it has been said to follow that in a certain class of injuries involving a breach of these duties, an action may lie either in contract or in tort, a position upheld here as a general principle in reference to corporations of this character. Carmichael v. Telephone Co., 157 N.C. 21; Peanut Co. v.R. R, 155 N.C. 148, and authorities cited, more especially the concurring opinions of Associate Justice Allen, and applied directly to telegraph companies in several well-considered decisions in this State. Cordell v.Telegraph Co., 149 N.C. 402; Green v. Telegraph Co., 136 N.C. 506;Cogdell v. Telegraph Co., 135 N.C. 431; Landie v. Telegraph Co.,124 N.C. 528, and sustained in numerous cases elsewhere by courts of recognized authority; McGehee v. Telegraph Co., 169 Alabama, 109; Grayv. Telegraph Co., 108 Tenn. 39; Mentzer v. Telegraph Co., 93 Iowa 752;McLeod v. Telephone Co., 52 Or. 22; Baily v. Western Union,227 Pa., 522; Stewart Co. v. Postal Telegraph Co., 131 Ga. 31;Telegraph Co. v. Schrewer, 141 Fed., 538; Thompson Electricity, sec. 424. (310) *Page 250 
In the present case the verdict has established an action in tort arising by reason of negligent default on the part of defendant company, within the State of North Carolina, and the damages have been properly awarded which have naturally resulted from the wrong, that is, such as were reasonably probable under the circumstances existent at the time and according to the law of the jurisdiction, statutory or otherwise, where same occurred. Young v. Telegraph Co., 107 N.C. 370; Peanut Co. v. R. R.,supra; Gray v. Telegraph Co., supra; Hughes v. Telegraph Co., 72 S.C. 39;Harrison v. Telegraph Co., 71 S.C. 386; Geuth v. Telegraph Co.,85 Ark. 75, 742; Western Union v. James, 162 U.S. 650; Hale on Damages, 50; Jones Telegraph and Telephone Companies, sec 518.
It is objected for defendant that the court in numerous decisions has said that the rules which obtain in awarding damages for breach of contract were properly applicable to cases of this character and has repeatedly referred to Hadley v. Baxendale as the controlling authority on the subject. In many of the cases the action was brought for breach of the contract, and the position as stated was in strictness correct. In others the rules established or declared in Hadley v. Baxendale were applied because they afforded a very safe guide to a correct estimate of damages and because of the facts as presented there was no call for making discrimination in the two kinds of action. In so far as mental anguish is concerned, except in cases where punitive damages are sought and allowable and except as to the time, when the relevant circumstances are to be noted and considered, the amount is very much the same whether the recovery is had in contract or in tort. In the one case those damages are allowed which were in the reasonable contemplation of the parties when the contract was made, and in the other the consequential losses resulting from the tort and which were natural and probable at the time the tort was committed. Hale on Damages, page 48.
Speaking to these principles and their practical application in Scott and Jarnagan's "Law of Telegraphs," it is said: "But when the (311) contract between the parties does not show they had in contemplation this wider range in the estimate of damages (in contract), the measure of damages seems to be substantially the same in either kind of action. The true rule for estimating damages in actionsex contractu may be stated thus: The defendant is liable only for such damages as may fairly and substantially be considered as arising naturally,i. e., according to the usual course of things, from the breach of the contract, or — and here is where the measure of damages takes a wider range — for whatever damages may fairly be supposed to have been within the contemplation of the parties. The rule in actions *Page 251 ex delicto is that the damages to be recovered must be the natural and proximate consequence of the act complained of. This is the rule when no malice, fraud, oppression, or evil intent intervenes. The damages which may be considered as arising naturally, according to the usual course of things, from the breach of the contract, are substantially the same as damages which are the natural and proximate consequences of the wrong complained of." And in Jones on Telegraph and Telephone Companies, sec. 518, the author, while saying that under some circumstances the recovery in tort may take a wider range, is in support of the proposition that the amount of damages are usually the same. It was in deference to this view, that, under all ordinary conditions, the damages to be awarded for mental anguish are practically one and the same, whether the action be in contract or in tort, that the Court has thus far allowed the rules in Hadley v.Baxendale to prevail; but it was never intended in cases requiring that the distinctions between the two classes of actions be observed, that when a tort was clearly established and committed within this jurisdiction that the usual rules for awarding damages in actions of that character should be modified or ignored. Thus in Dayvis v. Telegraph Co., supra, the Court, in speaking to this position, said:
"In awarding damages for mental anguish, however, when the right thereto has been established, the decisions of this Court have thus far uniformly applied the law governing cases of breach of contract." And in Williams v. Telegraph Co., 136 N.C. 84, Associate Justice Walker, delivering the opinion, said: "In order to ascertain the damages which a plaintiff, who sues for a breach of contract, is (312) entitled to recover, the rule laid down in Hadley v. Baxendale has generally been adopted as the one which will give the complaining party a fair and reasonable recompense for any loss he may have sustained or for any injury he may have suffered" — opinions giving indication that when the action is for a tort and under some conditions the rules applied are not, necessarily, exclusive, and those which ordinarily obtain in actions of tort might, in proper cases, be applied.
Pursuing this same objection, there were several decisions called to our attention which, it is claimed, are in express denial of plaintiff's right to recover on the present verdict, notably Hancock v. Tel. Co.,137 N.C. 497; Hall v. Tel. Co., 139 N.C. 469. Bryan v. Tel Co.,133 N.C. 603, and Johnson v. Tel. Co., 144 N.C. 410, and the doctrine ofstare decisis is earnestly invoked in support of defendant's position.
In Hancock's case, supra, the action was by the sender and was brought upon the contract, and it does not definitely appear that the default occurred in this State. In Hall's case, supra, the right to recover for mental anguish was left as an open question to be determined *Page 252 
on the facts as they should be ultimately made to appear. In Bryan'scase the action was upon breach of the contract, and recovery was sustained on the express ground that the contract was made in this State. In Johnston's case, 144 N.C. 410, the language of opinion is much broader and seems to be an authority sustaining defendant's position, but a perusal of the case will clearly disclose that the learned judge was treating it throughout as an action for breach of the contract and the decision was made to rest on Bryan's case and other decisions applying the familiar principle that, in actions for breach of contract, when same originates in one State and is to be party performed there, the laws of such State are ordinarily allowed as controlling on the question of interpretation and adjustment of the rights of the parties. These cases, then, when properly understood, do not, in our opinion, call for or permit an application of the doctrine of stare decisis. In Mason v.(313) Cotton Co., 148 N.C. 509, speaking of this doctrine of stare decisis and its proper application, the Court said:
"We are not insensible to the great importance of the doctrine of staredecisis, a doctrine of recognized value in all countries whose jurisprudence, like our own, is founded so largely on precedents. We know that the courts in such countries, as a general rule, will adhere to a decision found to be erroneous, when it has been acquiesced in for a great length of time, so as to become accepted law, constituting a rule of property. And there are other conditions, restricted in their nature, where the doctrine may be properly applied, but none of them requires or permits that a court should adhere to a decision, found to be clearly erroneous, which affects injuriously a general business law, and under the circumstances indicated here. As it has been well said, `Where vital and important public or private rights are concerned, and the decisions regarding them are to have a direct and permanent influence upon all future time, it becomes the duty as well as the right of the Court to consider them carefully and to allow no previous error to continue, if it can be corrected. The foundation of the rule of stare decisis was promulgated on the ground of public policy, and it would be a grievous mistake to allow more harm than good to come from it.' 26 Am. Eng. (2 Ed.), 184"; and the important and valuable case of Hill v. R. R., 143 N.C. 539, is in illustration of the same view.
Recurring to the position sustained by these authorities, and more especially to the citation from 26 A. E., supra, even if the doctrine ofstare decisis was presented, it should not be allowed to prevail where a tort involving a breach of public duty, occurring within this State, has been clearly established and damages awarded on a principle recognized as necessary to enforce proper performance of such duties in this and all other cases of like kind. *Page 253 
It is also contended that if this proceeding and the principle upon which it rests are upheld, many persons could institute actions for the same breach of duty; that recoveries would be unduly multiplied and, in many instances, grave injustice done; but there would (314) seem to be no good reason for this apprehension. As we have endeavored to show, in the large number of cases the amount of damages to be awarded for mental anguish is practically the same whether the action is on tort or contract. Where a tort is established the consequential damages are only those which are natural and probable under the circumstances existent or as they reasonably appeared at the time the same occurred, and, applying the principle, when recovery for mental anguish is had in tort, the damages are properly confined to the parties to the contract or to those whose interest, as beneficiaries of the message, has been sufficiently disclosed to the company. It is only as to those persons that such damages could be reasonably held either probable or natural.
It is further insisted that the regulations of the company, requiring presentation of claims of this kind within sixty days, would be annulled, but, to our minds, no such result follows. These regulations, to the extent that they are reasonable, and not in excuse for negligence, have been upheld with us by express decision, and we see no reason why they should not be allowed to prevail, whether the action is in contract or tort.Forney v. Telegraph Co., 152 N.C. 494; Sherrill v. Telegraph Co.,109 N.C. 527.
We are aware that there are decisions to the contrary in other jurisdictions, more especially in respect to the addressee of the message, but they are not in accord with the principles established here. We were referred by counsel to the case of Cannady v. R. R., 143 N.C. 439, as authority in contravention of our present ruling, but that was a case where the contract and all the facts relevant to plaintiff's cause of action had their origin and existence in another State, and the case has no application to the facts appearing in this record, and, in two cases from Supreme Court United States, to which we were cited, Primrose v. TelegraphCo., 154 U.S. 444, and Western Union v. Hall, 124 U.S. 444, the actions were considered and dealt with as for breach of the contract. In the present case a tort committed in this State having been established by the verdict, we are of opinion that the damages have been awarded on correct principles, and the judgment in plaintiff's favor must be therefore affirmed. (315) Affirmed.